# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK A. JOHNSON, | Civil Action No. 2: 15-cv-0735 |
| Petitioner, | United States District Judge |
| v. | Nora Barry Fischer |
| DISTRICT ATTORNEY OF WASHINGTON COUNTY, et al., | |
| Respondents. | |

## MEMORANDUM OPINION AND ORDER

On June 4, 2015, the above captioned case was initiated Petitioner, Mark A. Johnson, by the filing of a Petition for Writ of Habeas Corpus and was referred to Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

Magistrate Judge Eddy issued a Report and Recommendation ("R & R") on May 3, 2016, in which she recommended that the Petition for Writ of Habeas Corpus be dismissed without prejudice for failure to exhaust state remedies and that a Certificate of Appealability be denied. (ECF No. 39.) On May 18, 2016, Petitioner timely filed Objections. (ECF No. 39.) The Court finds that Petitioner's objections do not undermine the recommendation of the magistrate judge.

The federal habeas statute, specifically states that a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust" the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). Petitioner does not dispute that he has not exhausted his state court remedies. Further, Petitioner appears to be challenging events giving rise to his pending criminal charges. As explained in the R&R, under the *Younger v. Harris* abstention doctrine, it is

appropriate for this court to abstain from entertaining any challenges to an ongoing state criminal proceeding. Petitioner's criminal docket reflects that his case is scheduled for trial on July 11, 2016, before Judge Michael J. Lucas of the Court of Common Peas of Washington County. Petitioner has an opportunity to raise any constitutional claims in his state criminal proceedings. Moreover, to the extent that Petitioner is seeking to raise a Fourth Amendment claim, generally, a federal court cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Given that Petitioner's state criminal case is ongoing, it would be premature for this Court to address a Fourth Amendment claim at this time.

After *de novo* review of the pleadings and documents in the case, together with the R & R and objections thereto, the following Order is entered:

AND NOW, this 23rd day of May, 2016:

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 39) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

BY THE COURT:

/s/ Nora Barry Fischer
Nora Barry Fischer
United States District Judge

cc: MARK A. JOHNSON
100 Cherry Avenue
Washington, PA 15301
(via U.S. First Class Mail)

Jerome A. Moschetta
Washington County District Attorney's Office
(via ECF electronic notification)